## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KENNETH W. SIMPSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.   12-CV-932-WDS** |
| | ) | |
| **ROBERT HERTZ, DONALD BUNT, and** | ) | |
| **BOBBI UNFRIED,** | ) | |
| **Defendants.** | ) | |

## <u>ORDER OF REMAND</u>

**STIEHL, District Judge:**

This matter is before the Court sua sponte to address this Court's jurisdiction to hear this case. "It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case." *Foster v. Hill*, 497 F.3d 695, 697 (7th Cir. 2007). The Court directed the defendants to show cause why this cause of action should not be remanded to the Madison County court for lack of jurisdiction (Doc. 9). Defendants filed their response to the Court's Order on November 29, 2012 (Doc. 10).

Plaintiff originally filed this action in the Circuit Court of the Third Judicial Circuit in Madison County, Illinois, Case No. 2012-SC-001859, on May 10, 2012. Defendants removed this action to this Federal Court on August 22, 2012, asserting that plaintiff's complaint is premised on a violation of 42 U.S.C. § 1983, and that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1441.

Upon review of plaintiff's complaint however, he never cites § 1983, nor does he appear to make a claim which would fall under that statute's purview. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979) ("The first inquiry in any § 1983 suit, . . . , is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'"). To state a claim under 42 U.S.C.

§ 1983, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."   *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff asks the Court to review his sick-call slips from the Madison County Jail and to award him money back for any charges that were made in violation of the "Illinois State Statute on Medical Co-Payment."   (Doc. 2-1).   He specifically asks for relief under state law, and neither claims a violation of his Constitutional rights, nor his rights under any other federal law.   Plaintiff does not claim deliberate indifference to medical needs, but that he was unjustly charged a co-pay for follow-up complaints.

Moreover, plaintiff filed this action seeking to recover money he alleges he was unjustly required to pay for certain medical visits in violation of Illinois state law, and not seeking redress for the denial of medical care.   "The federal government is not the enforcer of state law." *Pasiewicz v. Lake County Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001).   Plaintiff has not, therefore, alleged a constitutional violation under § 1983 which would provide this Court with jurisdiction, and defendants' removal of this action was in error.

Accordingly, this case is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.


**IT IS SO ORDERED.**

**DATE: <u>January 4, 2013</u>**

                                        /s/   **WILLIAM D. STIEHL**
                                              **DISTRICT JUDGE**